IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN MIKICICH, )
 )
        Plaintiff, )
 )
v. ) No. 05 C 5625
 )
CHICAGO MERCANTILE )
EXCHANGE, INC., )
 )
        Defendant. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Chicago Mercantile Exchange, Inc.'s ("CME") motion for summary judgment. For the reasons stated below, we grant the motion for summary judgment.

## BACKGROUND

Plaintiff John Mikicich ("Mikicich") alleges that in 1996, at the age of 46, he began working as a Senior Purchasing Agent for the corporate predecessor of CME. Mikicich claims that he was promoted to the position of Assistant Manager-Strategic Sourcing and then to the position of Operations Procurement Manager-Strategic Sourcing in the Finance Division. Mikicich alleges that on December 15, 2004, he

1

had a discussion with another CME manager over the phone. According to Mikicich, unbeknownst to him, the other manager was speaking to and listening to Mikicich over a speaker phone. CME claims that during the phone conversation, Mikicich made a profane statement about a female co-worker who happened to be in the room where the speaker phone was located and heard the alleged profane statement over the speaker phone. Mikicich claims that the next day, he was accused by the CME Human Resources Manager ("HR Manager") of using offensive language in reference to the female co-worker during the phone conversation. Mikicich claims that he was contacted at home the next day and told that his employment was terminated. Mikicich subsequently brought the instant action and includes in his complaint a claim alleging a violation of Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* (Count I), and a claim alleging discrimination based on his gender in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* (Count II). CME has moved for summary judgment on both claims.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment, the moving party must

2

identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

CME argues that it is entitled to summary judgment on the ADEA claim (Count I) and the Title VII claim (Count II). In order to defeat a defendant's motion for summary judgment, a plaintiff bringing an ADEA discrimination claim or a Title VII discrimination claim can proceed under the direct method of proof or the indirect method of proof. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 610 (7th Cir. 2006). Under the direct method of proof, the plaintiff must establish a discriminatory motivation through direct or circumstantial evidence. *Rudin v. Lincoln Land Cmy. Coll.*, 420 F.3d 712, 720 (7th Cir. 2005). Direct evidence of discrimination would constitute "an admission by" the defendant that the adverse employment action was taken "on the basis of" his membership in a protected class. *Raymond*, 442 F.3d at 610. A plaintiff can present circumstantial evidence under the direct method of proof, but such evidence must be sufficient to create "a triable issue of whether the adverse employment action of which [the plaintiff] complains had a discriminatory motivation." *Rudin*, 420 F.3d at 721. The Seventh Circuit has indicated that circumstantial evidence can create a triable issue only if there is a "'convincing mosaic' of circumstantial evidence that allows a jury to infer intentional discrimination by the decisionmaker." *Rhodes v. Illinois Dept. of Transp.,* 359 F.3d 498, 504 (7th Cir. 2004); *Raymond*, 442 F.3d at 610(stating that to proceed under the direct method of proof a plaintiff must point to evidence that is a "basis upon which to rationally infer [the defendant's] discriminatory animus").

To proceed under the indirect method of proof, a plaintiff must first establish a

4

*prima facie* case by showing that: "(1) []he is a member of a protected class; (2) []he was performing at a level that met h[is] employer's legitimate expectations; (3) []he was subject to an adverse employment action; and (4) []he was treated differently than a similarly situated person outside h[is] protected class[]." *Raymond*, 442 F.3d at 610. If the employer states a "legitimate, nondiscriminatory reason" for the employment action, the burden shifts to the plaintiff to show that the reason is a pretext for unlawful discrimination. *Id.*

I. Direct Method of Proof

Mikicich argues that he can proceed under the direct method of proof for his ADEA claim. However, there is a complete absence of evidence in this case that would indicate CME held any animus toward Mikicich because of his age. Mikicich argues that the court can infer such an animus because CME's decision to fire him was baseless. However, the undisputed evidence indicates otherwise. Mikicich admits that the CME Harassment Policy ("Policy") prohibited unlawful discrimination and harassment and that the CME Employee Handbook ("Handbook") lists as unacceptable conduct: "[t]hreatening, harassing, intimidating or coercing others verbally or physically." ( R SF Par. 14, 15). Mikicich admits that Cheryl Seiffert ("Seiffert"), the subject of the alleged profanity during the phone conversation, and Bob Petrowski ("Petrowski"), who was speaking to Mikicich over the speaker phone, claim that they heard Mikicich make the profane statement at

5

issue. The undisputed evidence also shows that CME received a complaint from Seiffert about the alleged profane statement. ( R SF Par. 32, 33). Thus, the undisputed evidence shows that CME had a bona-fide reason for terminating Mikicich's employment and it is clear that the decision to terminate his employment was not baseless as he contends. While Mikicich argues that CME erred in concluding that his misconduct constituted a violation of the Policy and Handbook, no reasonable trier of fact could conclude other than it was at least possible that Mikicich violated the Policy and Handbook and that the CME's decision to fire Mikicich was not baseless.

Mikicich also argues that it was unreasonable to terminate his employment for an infraction of the Policy and Handbook involving profanity because profanity was allegedly common in the workplace at CME. Mikicich may disagree with CME's decision to terminate his employment and disagree with Seiffert's and Petrowski's version of what was said during the telephone conversation. However, whether CME made a mistake in believing Seiffert and Petrowski and whether CME acted too harshly against Mikicich in light of other alleged profanity at the workplace are not issues that are pertinent in the instant action. The instant action is premised upon the ADEA and Title VII, which protect employees from discrimination based upon the employees' age and other protected characteristics such as gender. 29 U.S.C. § 621 *et seq.*; 42 U.S.C. § 2000e *et seq.* The above-mentioned statutes do not protect employees in general from all potentially unjust treatment in the workplace. *See*

*Cardoso v. Robert Bosch Corp.,* 427 F.3d 429, 435 (7th Cir. 2005)(stating that Title VII does not authorize courts to act as a "'super-personnel department' intervening whenever an employee feels he is being treated unjustly"); *Jordan v. City of Gary, Ind.*, 396 F.3d 825, 835 (7th 2005)(stating in regard to ADEA and Title VII claims that a "court does not sit as a super-personnel department that re-examines an entities business decisions")(quoting *Dale v. Chicago Tribune Co.,* 797 F.2d 458, 464 (7th Cir. 1986)). We will not act as a general appeals board for CME's personnel decisions and decide whether Mikicich violated the Policy and Handbook or whether his punishment should have been less extreme.

Mikicich has not provided any arguments in his answer to CME's motion for summary judgment regarding his Title VII claim and thus apparently concedes that he cannot proceed forward with that claim. There is not sufficient evidence in this case that would enable a reasonable trier of fact to infer that CME had an animus against Mikicich because of his age or gender. Therefore, we conclude that Mikicich cannot proceed under the direct method of proof for either of his claims.

II. Indirect Method of Proof

As is indicated above, Mikicich does not provide any arguments concerning his Title VII gender discrimination claim. Mikicich, however, argues that he can prevail under the indirect method of proof for his ADEA claim

7

A. Similarly-Situated Employee Element

CME argues that Mikicich has not pointed to similarly-situated employees outside the protected classes who were treated more favorably than Mikicich. A similarly-situated employee is one who is "directly comparable to [the plaintiff] in all material respects." *Ajayi v. Aramark Business Services, Inc.*, 336 F.3d 520, 531-32 (7th Cir. 2003) (stating that "[t]o evaluate whether two employees are directly comparable, we consider all of the relevant factors, which most often include whether the employees (i) held the same job description, (ii) were subject to the same standards, (iii) were subordinate to the same supervisor, and (iv) had comparable experience, education, and other qualifications-provided the employer considered the latter factors in making the personnel decision"); *Peele v. Country Mut. Ins. Co.,* 288 F.3d 319, 330 (7th Cir. 2002)(stating that employees are generally similarly situated if "'the two employees dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them'")(quoting *Radue v. Kimberly-Clark Corp.,* 219 F.3d 612, 617-18 (7th Cir. 2000)).

Mikicich argues that Petrowski was accused of harassing a co-worker, but that Petrowski was not fired like Mikicich. (Ans. 12). Mikicich also argues that David Gomach ("Gomach"), CME's former Chief Financial Officer, used the same profane language that Mikicich allegedly used. (Ans. 9). However, Petrowski and Gomach

8

are both male and thus are not outside the protected class for the purposes of Mikicich's gender discrimination claim. Also, Mikicich has not shown that Petrowski or Gomach are less than 40 years old and thus outside the protected class for his ADEA claim, 29 U.S.C. § 631, nor has Mikicich shown that Petrowski or Gomach are similarly situated to Mikicich in regard to factors such as their job descriptions, qualifications, and supervisors. Mikicich also argues that James Parisi ("Parisi"), the Chief Financial Officer of CME, testified at his deposition that he heard CME employees use profanity at the workplace. However, Mikicich cannot proceed by pointing generally to abstract employees of CME. Mikicich is required to specifically identify the similarly-situated employee or employees in order to satisfy one of the requirements for his *prima facie* case. *Peele*, 288 F.3d at 330-31. Mikicich's failure to meet this burden forecloses his ability to prevail on either his ADEA claim or his Title VII claim. *Id.*(stating that if "a plaintiff has failed to identify a similarly situated co-worker outside of h[is] protected class, or [show] that the co-worker identified by the plaintiff, while similarly situated, was not treated in a more favorable manner," the plaintiff's "failure to offer such 'comparables' dooms h[is] Title VII . . . claims").

### B. Pretext For Age and Gender Discrimination

CME argues that it fired Mikicich because of his alleged violations of the Policy and Handbook, which is a legitimate non-discriminatory reason for the

adverse employment action. Mikicich is thus required to show that CME's reason was a pretext used to engage in age and gender discrimination. Mikicich has not pointed to any evidence that shows an animus against him because of his age or his gender. Mikicich's ADEA and Title VII claims are based on nothing more than that he was fired, his belief that the decision to fire him was unjust, and his speculation that he was secretly fired due to an animus against him because of his age and gender. However, Mikicich's own beliefs, without more, are not enough to meet his burden, and a reasonable trier of fact cannot engage in such speculation.

There is no evidence showing that CME was dishonest about its reason for terminating Mikicich's employment and that the reason was a lie in order to discriminate against him because of his age and gender. Mikicich admits that Seiffert complained about the alleged profane statement made by Mikicich. ( R SF Par. 32, 33). Mikicich attempts to dispute this fact by arguing that the evidence in support is hearsay evidence and therefore not admissible. ( R SF Par. 33). However, the fact that Seiffert made a complaint about Mikicich could be admissible at trial for purposes other than to prove the truth of the contents of the alleged statement by Seiffert. Thus, in the absence of a valid objection to the fact that Seiffert complained about the profane statement, it is deemed admitted pursuant to Local Rule 56.1.

Mikicich admits that Mike Crenshaw ("Crenshaw"), who was at the time the Associate Director of Human Resources for CME, conducted an investigation concerning the complaint that was lodged by Seiffert. ( R SF Par. 33). Mikicich

admits that Crenshaw testified that he had concluded that Seiffert was telling the truth about the phone conversation and that Mikicich violated the Policy and the Handbook. ( R SF Par. 45). CME asserts that "Mikicich's age and gender did not influence Crenshaw's investigation or his findings and conclusions" and Mikicich fails to cite any evidence that indicates otherwise. ( R SF Par. 46). Mikicich only argues that Crenshaw made an error in judgment in deciding that Mikicich violated the Policy and Handbook and deciding that the violations were so severe that a termination of employment was warranted. ( R SF Par. 45, 46). Mikicich also fails to point to any evidence to contradict the testimony of Parisi, the Chief Financial Officer of CME, who claims to ultimately have made the decision to terminate Mikicich and who testified that he was "very shocked" when he heard the alleged profanity. ( R SF Par. 48, 51). Mikicich also admits that there is no evidence that contradicts the testimony of Parisi, in which Parisi stated that he spoke with Nancy Globe, the Chief Accounting Officer of CME, and that they "talked about their general disgust" in regard to the alleged profane statement made by Mikicich. ( R SF 49, 52). Thus, the undisputed evidence indicates that the reason provided by CME was not a lie provided as a pretext for unlawful discrimination. *See Little v. Illinois Dept. of Revenue*, 369 F.3d 1007, 1012 (7th Cir. 2004)(stating that in order to show a reason is a pretext, a plaintiff must show that "the ostensible reason for the employment decision is really a lie contrived to mask unlawful discrimination"). Mikicich provides a detailed analysis for why his misconduct should not have been deemed to be sexual harassment, but he cannot show pretext merely by showing that

CME's decision was incorrect.

There is also undisputed evidence of favorable treatment of Mikicich by CME that indicates that CME did not have an animus against Mikicich because he was male and because he was more than forty years old. Mikicich does not deny that he was over forty years of age and a male when he was hired by CME, that he was given raises and bonuses by CME, and that he was promoted twice by CME. ( R SF Par. 3, 7, 8). Such favorable treatment is inconsistent with Mikicich's assertion that there was a hidden animus against him because of his age and gender. Therefore, based on all of the above, we grant CME's motion for summary judgment on the ADEA claim (Count I) and the Title VII claim (Count II).

## CONCLUSION

Based on the foregoing analysis, we grant CME's motion for summary judgment in its entirety.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 31, 2006